**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **HAIHU MA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | **A-25-CV-2117-RP-ML** |
| **AUSTIN POLICE DEPARTMENT AND** | § | |
| **LIEUTENANT HUCKABY,** | § | |
| **Defendants.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkts. 2, 6). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

## I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious

1

pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims against the City of Austin be dismissed without prejudice under 28 U.S.C. § 1915(e). Therefore, service upon the City of Austin should be withheld pending the District Judge's review of the recommendations made in this Report.  If the District Judge declines to adopt the recommendations, then service should be issued at that time upon the City of Austin.

The Magistrate Judge **FURTHER ORDERS** the Clerk of the Court shall issue summons and the United States Marshal is ordered to commence service of process, including service of Plaintiff's complaint upon only Officer Huckaby under Rules 4 and 5 of the Federal Rules of Civil Procedure.

## II.    REVIEW OF THE MERITS OF THE CLAIM

### A.    Factual Background

Plaintiff alleges he was forcibly detained by Lt. Huckaby without probable cause or reasonable suspicion. He asserts claims against the Austin Police Department and Lt. Huckaby for violations of his fourth amendment rights under § 1983.

### B.    Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.    Discussion

The Austin Police Department is not an entity that can be sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991). Accordingly, the court construes Plaintiff's claim as a claim against the City of Austin. In *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be held liable under 42 U.S.C. § 1983 solely because its employee committed a constitutional tort. *Id*. at 691. Municipalities and other local governments may incur Section 1983 liability, however, where official policy or custom causes a constitutional violation. *Bennet v. City of Slidell,* 728 F.2d 762, 766 (5th Cir. 1984). For municipal liability to attach, the plaintiff must show three elements: (1) a policymaker; (2) an official policy; and (3) a "violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell*, 436

U.S. at 694); *Johnson v. Deep East Tex. Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). In order to prevail on a municipal liability claim, a plaintiff must show "(1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences." *Johnson*, 379 F.3d at 309. Although Plaintiffs alleges he was wrongfully detained, he does not allege any City policy that was the moving force behind the stop. Accordingly, Plaintiff has failed to state a claim against the City.

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkts. 2, 6).

The Magistrate Judge **ORDERS** the Clerk of the Court shall issue summons and the United States Marshal is ordered to commence service of process, including service of Plaintiff's complaint upon only Officer Huckaby under Rules 4 and 5 of the Federal Rules of Civil Procedure.

The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS** Plaintiff's claims against the City of Austin (named as Austing Police Department) pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV.    WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

4

being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED February 6, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

5